IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MISSOURI

SHELIA REDICK,

    Plaintiff,

v.

CANYON CREEK APARTMENTS, LLC

    Defendant.

Case No. 4:20-cv-00538

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant Canyon Creek Apartments, LLC ("Canyon Creek"), for its answer and affirmative defenses to Plaintiff's Petition for Damages, states as follows:

1. Paragraph No. 1 contains a legal conclusion to which no response is required. To the extent a response is required, Canyon Creek denies the same.

2. Denied.

3. Denied.

4. Canyon Creek lacks sufficient information to admit or deny paragraph No. 4 of the Petition and therefore denies the same.

5. Denied.

6. Canyon Creek lacks sufficient information to admit or deny paragraph No. 6 of the Petition and therefore denies the same.

7. To the extent the allegations of Paragraph 7 seek to paraphrase or characterize the contents of the document attached as Exhibit A to the Petition, Canyon Creek states that the document speaks for itself and Canyon Creek denies the allegations to the extent that they are

inconsistent with the document. Canyon Creek denies all further averments contained in said Paragraph.

8. To the extent the allegations of Paragraph 8 seek to paraphrase or characterize the contents of the document attached as Exhibit A to the Petition, Canyon Creek states that the document speaks for itself and Canyon Creek denies the allegations to the extent that they are inconsistent with the document. Canyon Creek denies all further averments contained in said Paragraph.

9. To the extent the allegations of Paragraph 9 seek to paraphrase or characterize the contents of the document attached as Exhibit A to the Petition, Canyon Creek states that the document speaks for itself and Canyon Creek denies the allegations to the extent that they are inconsistent with the document. Canyon Creek denies all further averments contained in said Paragraph.

10. Canyon Creek lacks sufficient information to admit or deny paragraph No. 10 of the Petition and therefore denies the same.

11. Denied.

12. To the extent the allegations of Paragraph 12 seek to paraphrase or characterize the contents of the document attached as Exhibit B to the Petition, Canyon Creek states that the document speaks for itself and Canyon Creek denies the allegations to the extent that they are inconsistent with the document. Canyon Creek denies all further averments contained in said Paragraph.

13. Denied.

14. Canyon Creek lacks sufficient information to admit or deny paragraph No. 14 of the Petition and therefore denies the same.

15. To the extent the allegations of Paragraph 15 seek to paraphrase or characterize the contents of the document attached as Exhibit C to the Petition, Canyon Creek states that the document speaks for itself and Canyon Creek denies the allegations to the extent that they are inconsistent with the document. Canyon Creek denies all further averments contained in said Paragraph.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

WHEREFORE, having fully answered all allegations and each count in Plaintiff's Petition for Damages, Defendant Canyon Creek Apartments, LLC requests judgment in its favor, along with costs and reasonable attorneys' fees as permitted by law, and for such other relief as the Court deems just and proper.

## **AFFIRMATIVE DEFENSES**

For its defenses to Plaintiff's Petition, Canyon Creek states:

1. Canyon Creek denies each and every allegation not specifically admitted herein.

2. Plaintiff has failed, in whole or in part, to state a claim on which relief can be granted.

3. Plaintiff's claims are barred in whole or part by the applicable statute of limitations, the applicable statutory deadlines, and the failure to timely and diligently pursue and complete service of process.

3. To the extent Plaintiff's claims exceed the scope of her administrative charge or otherwise were not properly raised in her administrative charge, those claims are barred because of Plaintiff's failure to exhaust his administrative remedies and to comply with the jurisdictional prerequisites and relevant statutes.

4. To the extent Plaintiff's claims concern matters occurring more than 180 days before she filed her charge of discrimination, such claims are time-barred.

5. Canyon Creek states that the same actions alleged to have been unlawful would have been taken regardless of any improper motive (which is denied).

6. Canyon Creek states that regardless of any improper motive (which is denied) any relevant actions were based on lawful factors other than Plaintiff's alleged protected status or alleged protected activities.

7. All actions by Canyon Creek with regard to Plaintiff were lawful and made in good faith compliance with applicable provisions of law, rules and regulations and were not based upon any other factors protected by law. Canyon Creek acted reasonably at all times material herein, based on all relevant facts and circumstances known by it at the time it so acted.

8. Plaintiff's claims for damages are barred or limited by the provisions of Mo. Rev. Stat. § 213.111.

9. To the extent Plaintiff has suffered any damage or injury, which is expressly denied, Plaintiff has failed to exercise reasonable diligence in seeking replacement employment and has, therefore, failed to mitigate her damages. Pleading in the alternative, any damages claimed by

Plaintiff are subject to set-off or reduction on account of all earnings from subsequent employment and all unemployment compensation.

10. Some or all of Plaintiff's claims are barred by the equitable doctrines of laches, waiver, estoppel, and/or unclean hands.

11. Plaintiff's claims for punitive damages are grossly out of proportion to the severity of the alleged conduct, bear no rational relationship to claimed compensatory damages and are thus and otherwise unconstitutional in that they deny due process of law and equal protection of the laws in violation of the Fifth, Eight, and Fourteenth Amendments to the United States Constitution and similar applicable provisions of the Missouri Constitution.

12. Plaintiff's claims for punitive damages violate the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution and Article I, Sec. 10 of the Constitution of Missouri because the procedures for assessing punitive damages, facially and as applied to the facts of this case, violate constitutional due process requirements.

13. To the extent Plaintiff is seeking punitive damages, those claims are barred because Defendants did not engage in any discriminatory or retaliatory practice with malice or with reckless indifference toward Plaintiff, and exercised reasonable care and good faith efforts through its policies and procedures to prevent retaliation or workplace discrimination or harassment in accordance with applicable laws.

14. Discovery is ongoing and Canyon Creek reserves the right to assert any additional affirmative defenses that it discovers in the course of these proceedings.

**JURY DEMAND**

Canyon Creek Apartments, LLC requests a trial by jury on all so issues so triable.

WHEREFORE, having fully answered Plaintiff's Petition, Defendant Canyon Creek Apartments, LLC prays that this Court dismiss Plaintiff's Petition with prejudice, at plaintiff's cost, and for such other relief as may be appropriate.

Respectfully submitted,

**THE PORTO LAW FIRM**

By: /s/ *Nicholas J. Porto*
Nicholas J. Porto    MO #56938
1600 Baltimore, Suite 200A
Kansas City, Missouri 64108
Telephone: 816.463.2311
Facsimile: 816.463.9567
nporto@portloaw.com

-and-

**SHANK & MOORE, LLC**

By: /s/ *Stephen J. Moore*
Stephen J. Moore    MO #59080
1968 Shawnee Mission Pkwy, Suite 100
Mission Woods, Kansas 66205
Telephone: 816.471.0909
Facsimile: 816.471.3888
sjm@shankmoore.com

*Attorneys for Canyon Creek Apartments, LLC*

# CERTIFICATE OF SERVICE

      The undersigned attorney hereby certifies that the foregoing document was filed this 14th day of July, 2020, via the Court's CM/ECF system, which shall send electronic notice of the same to the following counsel of record:

**Counsel for Plaintiff**
Karon D. Ramsey
WELLS & RAMSEY
1115 East 65th Street
Kansas City, Missouri 64131
Counsel for Plaintiff

                                        /s/ Stephen J. Moore
                                        Attorney for Defendant